JUAN DURÁN ORTIZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 806.   Argued April 6, 1930.—Decided April 11, 1930.

*García Méndez & García Méndez,* for appellant.   The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On February 26, 1927, in the town of Las Marías, Concepción Ortiz de Durán and Juan Durán y Ortiz appeared

before J. B. García Méndez, an attorney and notary public and executed a deed. At the outset the notary certified to his personal knowledge of the parties, and to their personal circumstances from their own statements. He also certified that they asserted to have, and in his opinion did have, the required legal capacity to execute the deed.

The parties then proceeded to formalize the contract, whereby Mrs. Ortiz, as the owner of two undivided shares (*condominios*), valued at $1,933.92 and $1,096.64, respectively, in a piece of rural property, which was described and valued at $3,418.02, sold such shares to Mr. Durán for their stated value, the purchaser paying $1,933.92 and retaining the balance of the purchase price or $1,096.64, ''for the purpose of paying the mortgage existing on the said property in favor of the Federal Land Bank of Baltimore.''

After the draft of the instrument had been substantially completed, but before it was signed by the parties and the witnesses and authenticated by the notary, the following was added to the deed:

''At this stage it is noted herein that Dr. Miguel Rodríguez Cancio y Vendrell, of age, married, a physician and surgeon, resident of San Sebastián, has been present at the execution of the within instrument, in which he appears for the purpose of reporting on the mental condition and capacity of Doña Concepción Ortiz de Durán, a party herein, whom he found, after carefully examining her and talking with her, to be of sound mind and in full possession of her mental and intellectual powers, and in testimony thereof he signs the present deed.

''To all of which, the parties agreeing, I, the notary, certify.''

The deed was presented for record in the proper registry of property, but the registrar refused to record it on the following grounds:

''Because the explanatory statement set forth at the close of the instrument regarding the mental capacity of the grantor Concepción Ortiz de Durán to execute the said contract of sale renders ineffectual, and casts doubt upon, the opinion expressed by the at-

testing notary as to such capacity, which is substituted by the report of a surgeon in contravention of the provisions of section 253, 254 and 255 of the Civil Code regulating the procedure to be followed in the proper district court for decreeing the capacity or incapacity of persons, in disputed cases; and, further, because the notary fails to certify as to his personal knowledge of Dr. Miguel Rodríguez Cancio y Vendrell, and also—as regards the undivided interest of $1,096.64 held in the property by the vendor and set aside to pay an outstanding mortgage in favor of the Federal Land Bank of Baltimore—because the said interest had been expressly allotted for that purpose, but not to be sold, and it does not appear that the said mortgage has been paid.''

In our opinion the first objection stated in the above decision is not well founded.

The appearance of Dr. Rodríguez Cancio is something indeed rather peculiar, which undoubtedly weakens the assertion of the notary himself in regard to the capacity of the vendor; but we do not think that we would be warranted in concluding from this that the assertion in question was rendered ineffectual by reason of the said appearance. The latter may be considered as something superfluous— needless but not harmful—and if this point of view is adopted, it is clear that the applicability to the case of the the Civil Code provisions, cited by the registrar, need not be considered.

Now, if such an appearance must be regarded as redundant or superfluous, it is unnecessary to consider whether or not the notary duly certified as to his personal knowledge of the physician. Therefore, the second ground for the refusal to record is without merit.

In support of the third ground of refusal, the registrar says in his brief:

''It appears from the registry . . . . that Mrs. Concepción Ortiz de Durán was allotted in the said property, which is valued at $3,418.02, an undivided interest of $1,096.64, and likewise another share, which she also sold by the said deed, the former for the payment of a mortgage held by The Federal Land Bank of Baltimore,

which the said widow has assumed and which constitutes a lien on the said property—all according to protocolization deed No. 12 of partition of property. . . . . If the law to be applied to contracts for the partition of inheritances is the will of the heirs, the allotment by them of the aforesaid undivided interest to the said widow was obviously made for the purpose of paying the mortgage held by The Federal Land Bank, and the said allotment did not constitute an alienation of property in her favor, but rather a grant of a portion of the partitioned estate to her in trust for the payment of the said obligation; and as the grantee has infringed that law by conveying the said joint interest to a third person on condition that the purchaser pay the mortgage debt—which the latter may or may not do—the said undivided interest is not recordable either.''

We are of opinion that the instrument in its present form is perfectly recordable. We will adopt the reasoning of the appellant as a basis for such conclusion. It is as follows:

''According to the recitals of the deed, the purchase price of the undivided interest therein conveyed is $3,030.56, but as the property is mortgaged to The Federal Land of Baltimore, the purchaser retained the amount of the mortgage in order to pay it at the proper time. The fact that the property had been allotted to Mrs. Concepción Ortiz de Durán for the payment of the said mortgage has no bearing upon the matter at hand, because the conveyance of the undivided interest by her to another person does not alter in any way the security existing in favor of the mortgage creditor, since a mortgage is inseparable from the immovable on which it has been constituted, regardless of any sale or transfer of the mortgaged premises. If by reason of the allotment to the petitioner of the undivided interest in the property in question for the purpose of paying the mortgage held by The Federal Land Bank, the said Concepción Ortiz de Durán has assumed any other obligation, the latter would be personal in character and it could neither affect the immovable nor preclude a conveyance thereof by her before payment of the mortgage. To hold otherwise would be to defeat the true purpose of the Mortgage Law, which is to facilitate the alienation of real property or of rights therein, and to protect the rights of the parties to contracts relating to realty, thus enhancing the value of land credits. . . .

''It would be otherwise if it were the case of an allotment (*adjudicación*) for the payment of particular debts, whose mention in the

registry might affect a third person, since in such a case, before a conveyance could be made, it might perhaps be necessary to show that such debts had been paid."

The decision appealed from must be reversed and the record sought ordered.